## DORMAN HOLLAND v. THE STATE.

### No. 4630. Decided October 23, 1918.

#### 1.—Murder—Charge of Court—Defense of Another.

Where, upon trial of murder and a conviction of manslaughter, the evidence raised the issue that defendant acted in defense of his brother, appellant's knowledge of the difficulty between deceased and said brother should have been omitted from the court's charge; however, this was not under the facts of the case reversible error. Distinguishing Holland v. State, 80 Texas Crim. Rep., 637, 192 S. W. Rep., 1070.

#### 2.—Same—Charge of Court—Burden of Proof—Reasonable Doubt.

While the court's charge did not shift the burden of proof from the State to the appellant, in submitting the question of the defense of his brother, yet it would have been proper to have submitted the reasonable doubt upon this phase of the case.

#### 3.—Same—Conspiracy—Charge of Court—Requested Charge.

Where, upon trial of murder and a conviction of manslaughter, the State claimed a conspiracy between defendant and his brothers, the court should have submitted a requested charge that the jury could not consider the acts and declarations of said brothers, made in the absence of defendant, for the purpose of proving the conspiracy, but that the jury must find from the evidence beyond a reasonable doubt that a conspiracy was first formed, etc. Following Holland v. State, supra.

#### 4.—Same—Requested Charge.

It would have been improper for the court, with the evidence as it was in the instant case, to have restricted the jury to certain evidence as requested in defendant's charge.

#### 5.—Same—Insanity—Evidence—Defense of Another.

Upon trial of murder, where defendant sought to introduce testimony of the insanity of his brother, whom he claimed to have defended, he should have been permitted to do so; although the court assumed that he had the same right to defend his brother whether he was sane or insane.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—On question of court's charge on defense of another: Dodson v. State, 45 Texas Crim. Rep., 571; Reeves v. State, 34 id., 483.

Upon question of shifting burden of proof: Knox v. State, 74 Texas Crim. Rep., 126, 167 S. W. Rep., 729; Stuart v. State, 57 Texas Crim. Rep., 592.

Upon question of charge on conspiracy: Smith v. State, 46 Texas Crim. Rep., 267; Chapman v. State, 45 id., 479; Luttrell v. State, 31 id., 493; Hudson v. State, 43 id., 420; Cox v. State, 8 Texas Crim. App., 254; Loggins v. State, 8 id., 434.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—This is an appeal from a conviction for manslaughter, and is a companion case of that of Norvin Holland, this day decided. This appellant shot and killed the deceased, for which he and Norvin Holland were convicted of manslaughter. A sufficient statement of the case is made in the opinions in the two appeals of Norvin Holland, the first in 80 Texas Crim. Rep., 637, 192 S. W. Rep., 1070, and the other this day decided.

The evidence in this case was by the same witnesses, and substantially the same as in the Norvin Holland cases, except that in this case there was no testimony as to the claimed insanity of Norvin Holland.

There are but few questions raised in this case. One is, appellant complains of the court's charge where he submitted the question of appellant's right to kill the deceased in defense of his brother Norvin. He told the jury, briefly stated, that if they believed Dorman Holland knew nothing of the difficulty between his brother Norvin and the deceased, or was not a party to or concerned in said conspiracy, etc., and if they believed the other requisites necessary, showed he killed him in defense of his brother to acquit. The difference between the charge in this case and in the Norvin Holland case is noticeable in that, as shown in the Norvin Holland case, he connected conjunctively Dorman Holland's knowledge of the difficulty, and his entering into the conspiracy. In this he used the disjunctive "or." The charge complained of in this case is materially different in that respect from what it was in the Norvin Holland case, and we think appellant's objection thereto may not present reversible error. However, we suggest that on another trial the question of appellant's knowledge of the difficulty between Norvin Holland and deceased might properly be omitted from the charge. His knowledge of the difficulty might be a matter of argument before the jury in connection with other facts as tending to show he entered into the claimed conspiracy.

We think the court's charge did not shift the burden of proof from the State to appellant in submitting the question of the defense by appellant of his brother Norvin. It would be proper, however, for the

court in submitting that question, as is customary in such charges, to tell the jury that if they believed, etc., that he killed him in defense of his brother, or they had a reasonable doubt thereof, to acquit him.

Appellant properly raised and preserved his objection to the refusal of the court to give this special charge, towit: "Gentlemen of the Jury: You are instructed that you can not consider the acts and declarations of Norvin Holland and Hill Holland, made in the absence of defendant, for the purpose of proving a conspiracy, but you must find from the evidence beyond a reasonable doubt that a conspiracy was formed before you would be permitted to consider said acts and declarations of said Norvin Holland and Hill Holland for any purpose whatever." The court gave no charge covering this point. The charge enunciates a correct proposition applicable to the evidence in this case, and the court erred in refusing to give it.

The court did not err, however, in refusing to give this charge requested by appellant: "Should you find from the evidence beyond a reasonable doubt that a conspiracy was formed to whip the deceased, Lee Clement, and that the defendant was a party to said conspiracy, then you could only consider the acts and declarations of Norvin Holland and Hill Holland as circumstances to be considered by you in throwing light upon, illustrating and making manifest the purpose, object and motive and intent of the parties, and for no other purpose." It would have been improper for the court, with the evidence as it was in this case, to have restricted the jury to the consideration of said evidence of the acts and declarations of Norvin and Hill Holland as was sought by this special charge. The testimony of the acts and declarations of Norvin and Hill Holland, if a conspiracy, was proven as against appellant, should not have been so restricted as called for by said charge.

Appellant sought to introduce substantially the same testimony as to the claimed insanity of Norvin Holland as was introduced in the trial of his case. The court excluded this testimony because, as stated by him in allowing appellant's bills on the subject, such testimony was immaterial, for appellant would have the same right to defend his brother if sane the same as he would if insane. Appellant did not present this question in his brief herein. The court's statement of why he excluded the testimony is correct, and still we think the testimony was admissible, for it might affect appellant's action in the killing—he might act more quickly in defending, if he did, an insane brother, if so, then of a sane brother.

For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*